IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTWYN GIBBS,

    Plaintiff,

v.                                                                      Case No. 2:21-cv-00606

JAMES R. PACK, *et al.*,

    Defendants.

## ORDER

Pending before the Court are the following motions: (1) Plaintiff's Motion to Add Documents to Active Case (ECF No. 17); (2) Plaintiff's Letter-Form Motion re: Right to Jury Trial (ECF No. 21); (3) Plaintiff's Motion for Appointment of Counsel and for Copies of Defendants' Answers (ECF No. 26); (4) Defendants' Motion to Dismiss (ECF No. 29); (5) Plaintiff's Motion for Appointment of Counsel (ECF No. 40); and (6) Plaintiff's Letter-Form Motion re: Title 42 (ECF No. 48). In this Order, the undersigned will address each pending motion, other than Defendants' Motion to Dismiss (ECF No. 29), which will be addressed in a separate document titled "Proposed Findings and Recommendation."

    **A.**    **Plaintiff's Motion to Add Documents to Active Case and Letter-Form Motion re: Jury Trial.**

In these two motions, which are unopposed, it appears that Plaintiff seeks to add a claim for monetary damages and a request for a jury trial to his claims for legal relief in his complaint, which was initially construed to only be seeking injunctive relief. The United States Court of Appeals has recognized that "a cause of action for at least nominal damages exists when a prisoner was extradited or transferred from one state to another

state for criminal prosecution without the benefit of a pre-transfer hearing when he requested such a hearing." *Godfrey v. Washington Cnty., VA, Sheriff,* No. 7:06-cv-00187, 2007 WL 2405728, at *4 (W.D. Va. Aug. 17, 2007) (footnote omitted) (citing *Arebaugh v. Dalton*, 730 F.2d 970, 972 (4th Cir. 1984)). Thus, Plaintiff may pursue a claim for monetary damages.

Likewise, although 42 U.S.C. § 1983 does not by itself confer right to a jury trial, because such an action is an "action at law" within the meaning of the Seventh Amendment right to a jury trial, Plaintiff does have a right to a jury trial on claims for monetary damages, should this matter proceed to that stage. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708-09 (1999); *see also Havana Docks Corp. v. Norwegian Cruise Line Holdings, Ltd.*, No. 1:19-cv-23591, 2022 WL 708386, at *2 (S.D. Fla. Jan. 11, 2022), *report and recommendation adopted*, 2022 WL 499710 (S.D. Fla. Feb. 18, 2022) ("The right to a jury trial may be conferred either by statutory grant or by the Seventh Amendment itself."); *Tellis v. LeBlanc*, No. 18-cv-0541, 2020 WL 211410, at *2 (W.D. La. Jan. 13, 2020) ("Claims arising under § 1983 . . . and seeking legal remedies are analogous to those traditionally brought in courts of law, and the right to a jury trial in those instances is constitutionally guaranteed . . . . Thus, Defendants' right to a jury trial turns on whether Plaintiffs seek legal or equitable remedies." (Other citations omitted)).

Accordingly, Plaintiff's Motion to Add Documents to Active Case (ECF No. 17) and his Letter-Form Motion re: Right to Jury Trial (ECF No. 21) are **GRANTED** to the extent that the requests for relief in the complaint shall be amended to include claims for monetary damages (nominal and punitive) and a jury trial demand.

B.  **Plaintiff's Motions for Appointment of Counsel and Motion for Copies of Defendants' Answers.**

Plaintiff has filed two motions seeking appointment of counsel to represent him in this § 1983 civil action (ECF Nos. 26-1 and 40). The Court previously denied a similar motion. (ECF No. 15).

As Plaintiff was previously advised, he has no constitutional right to appointment of counsel in a civil case such as this. Moreover, pursuant to 28 U.S.C. § 1915(e)(1), the court has discretion to request an attorney to represent any person unable to afford counsel, but only if the case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (*abrogated on other grounds by Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)). Having considered the type and complexity of the case, and Plaintiff's abilities to bring this action, the undersigned again **FINDS** that there are presently no exceptional circumstances that would warrant the court to seek counsel to represent him in this matter. Accordingly, Plaintiff's Motions for Appointment of Counsel (ECF No. 26-1 and 40) are **DENIED WITHOUT PREJUDICE**.

Within his motion in ECF No. 26, which was filed on July 11, 2022, Plaintiff included a request for copies of Defendants' answers to the complaint (ECF Nos. 23 and 25), stating that he had not received his service copies. However, Plaintiff subsequently filed an unauthorized "objection" to Defendants' answers (ECF No. 28), which clearly demonstrates his subsequent receipt thereof. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion for Copies of Defendants' Answers (ECF No. 26-2) is **DENIED AS MOOT**.

3

### C. Plaintiff's Letter-Form Motion re: Title 42.

On December 2, 2022, Plaintiff filed a motion asserting that his due process rights would be violated by the expiration of "Title 42" on or about December 21, 2022. (ECF No. 48 at 1). However, Plaintiff was mistakenly referencing legal authority applicable to immigration issues that are not applicable in his case.[1] The alleged expiration of "Title 42 orders" to which Plaintiff appears to be referencing does not involve section 1983 of Title 42, which governs his case and is still valid statutory authority. Accordingly, it is hereby **ORDERED** that Plaintiff's Motion re: Title 42 is **DENIED**.

The Clerk is directed to mail a copy of this Order to Plaintiff and to transmit a copy to counsel of record.

ENTER: January 19, 2023

Dwane L. Tinsley
United States Magistrate Judge

---

[1] "From March 2020 to April 2022, the Centers for Disease Control and Prevention responded to the COVID-19 pandemic by issuing a series of emergency decrees. Those decrees—often called "Title 42 orders"—severely restricted immigration to this country on the ground that it posed a "serious danger" of "introduc[ing]" a "communicable disease." 58 Stat. 704, 42 U.S.C. § 265." *Arizona v. Mayorkas*, 143 S. Ct. 478 (2022). The Supreme Court has granted certiorari and stayed a ruling of the United States District Court for the District of Columbia finding "Title 42 orders" to be arbitrary and capricious pending briefing and argument before the Supreme Court during the February 2023 term of court. *Id.* As noted above, these matters have no implication in Plaintiff's § 1983 civil rights matter.