IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTWYN GIBBS,

    Plaintiff,

v.                                             Case No. 2:21-cv-00606

JAMES R. PACK, J.L. BROWN,
and THOMAS SAMPLE,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition in accordance with 28 U.S.C. § 636(b)(1)(B).  Pending before the court is Defendants' Motion to Dismiss (ECF No. 29), which is fully briefed and ripe for adjudication.

    I.      RELEVANT PROCEDURAL HISTORY

    On November 17, 2021, Plaintiff filed a Complaint (ECF No. 1) alleging violations of his federal constitutional rights arising out of his extradition from South Carolina to West Virginia to face state criminal charges in 2015.  Plaintiff's convoluted complaint[1] alleges that he was illegally extradited to West Virginia without a hearing and without appointment of counsel and that Defendants' roles in that process violated his rights under the United States Constitution.  (ECF No. 1 at 4-5).  Specifically, Plaintiff appears

---

[1] Plaintiff's complaint contains very few facts and his claims are phrased in the form of questions which makes it somewhat difficult to interpret.

to allege that Sample violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments by charging him with probation violations in South Carolina and that Sample further "allowed him to be extradited without a hearing" while still on probation in South Carolina. (*Id.* at 5).

Plaintiff further appears to allege that Pack and Brown violated his constitutional rights when they "crossed state lines without jurisdiction over Plaintiff" and "didn't follow extradition" laws of either state. (*Id.* at 4). Plaintiff further suggests that his illegal extradition, which he claims was not done in accordance with either South Carolina or West Virginia law, resulting in an alleged lack of jurisdiction by the West Virginia court over his criminal proceedings, and that the failure to produce the extradition paperwork until his post-conviction omnibus habeas corpus proceedings somehow also violated his rights.[2] (*Id.* at 5). Plaintiff requests unspecified "injunctive relief," but appears to be seeking release from West Virginia custody and to have his South Carolina probation term set aside or terminated. (*Id.*) Plaintiff subsequently filed motions seeking to add requests for monetary relief and a jury trial, which have been granted by separate order. (ECF No. 49 at 1-2).

Following service of process, Defendants filed the instant Motion to Dismiss (ECF No. 29) and Memorandum of Law in support thereof (ECF No. 30), asserting that Plaintiff's claims are barred by the applicable statute of limitations, are precluded by the doctrines of res judicata and collateral estoppel, and should be dismissed for failure to state a claim upon which relief can be granted. As demonstrated by documentation provided with Defendants' motion, on or about January 15, 2015, Plaintiff was charged in

---

[2] Plaintiff has a separate habeas corpus proceeding pending in this court in Case No. 2:21-cv-00577, in which he raises various constitutional challenges to his West Virginia criminal convictions, which includes challenges based upon his alleged improper extradition.

Fayette County, West Virginia with burglary, grand larceny, conspiracy to commit a felony, and first degree armed robbery stemming from a home invasion in Oak Hill, West Virginia on January 9, 2015. (ECF No. 29, Ex. A). At that time, Plaintiff was already serving a youthful offender probation term imposed in the State of South Carolina. Plaintiff was taken into custody in South Carolina on January 15, 2015 as a fugitive from justice with respect to the West Virginia charges.

Plaintiff was also charged with new South Carolina criminal charges, and violations of his South Carolina youthful offender probation by Defendant Thomas Sample ("Sample"), his South Carolina probation officer. (ECF No. 2 at 2; ECF No. 5 at 5; ECF No. 29, Ex. C). However, the South Carolina charges were subsequently dismissed on or about February 20, 2015. (ECF No. 29, Ex. C). Defendants further assert that Plaintiff signed a waiver of extradition to West Virginia on February 20, 2015. (*Id.*, Ex. D). However, Plaintiff remained in custody in South Carolina, allegedly without the appointment of counsel, until March 1, 2015, when he was transported to West Virginia, allegedly pursuant to a Governor's rendition warrant (*id.*, Ex. B; ECF No. 2 at 4-12; ECF No. 5 at 5), by Defendants James R. Pack ("Pack") and J.L. Brown ("Brown"), officers with the Oak Hill, West Virginia Police Department.

On August 18, 2022, Plaintiff filed an even more convoluted "objection" to Defendants' motion. (ECF No. 32). On August 25, 2022, Defendants filed a reply brief. (ECF No. 33). On September 12, 2022, Plaintiff filed an unauthorized sur-reply which appears to be asserting additional claims for relief, unrelated to the extradition process itself, that are better suited for habeas corpus review. (ECF No. 37).[3] As noted by

---

[3] "The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. Sept. 11, 2006) (citing *United States v. Williams*, 445 F.3d 724, 736 n.6 (4th Cir. 2006)).

Defendants, Plaintiff's responsive documents are "largely indiscernible." However, Plaintiff appears to challenge the authenticity of his extradition waiver and clearly asserts that the extradition process was not properly executed. The undersigned will discuss these documents in greater detail as necessary *infra*.

## II. STANDARD OF REVIEW

Defendants filed the instant motion to dismiss on August 3, 2022, after filing their answers in which they preserved the same defenses raised in their motion. Plaintiff filed an objection (ECF No. 28) in which he challenges the propriety of the Defendants' motion because it came after the Defendants' answers. While Rule 12(b) of the Federal Rules of Civil Procedure does state that a motion thereunder "must be made before pleading if a responsive pleading is allowed[,]" the fact that Defendants filed their answers before their motion is of no moment because the court may construe their motion as one for judgment on the pleadings under Rule 12(c).

The Fourth Circuit has held that motions brought under Rule 12(c) are subject to the same standard as that of a Rule 12(b)(6) motion. *See Walker v. Kelly,* 589 F.3d 127, 139 (4th Cir. 2009)*; Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999); *Young v. Prince George's Cnty., MD,* No. DKC 11-cv-1970, 2012 WL 1205105, at *3 (D. Md. Apr. 10, 2012) (The standard applicable to a motion for judgment on the pleadings is the same as that applied when analyzing a motion to dismiss for failure to state a claim). Thus, Defendants' motion was appropriately filed, and Plaintiff has had sufficient opportunity to respond concerning the substance of the motion.

---

Plaintiff's unauthorized sur-reply also contains allegations about his conditions of confinement at the Mount Olive Correctional Complex that are not properly before the court in this civil action and will not be further addressed herein.

4

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual

5

allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

### III. DISCUSSION

*A. Plaintiff's complaint fails to state a claim upon which relief can be granted.*

Although not specifically argued in Defendants' motion, Plaintiff's complaint lacks sufficient factual support to state a plausible claim for relief. Plaintiff's claims, which are generally phrased in the form of questions, do not allege any specific facts demonstrating how the Defendants allegedly violated the various federal constitutional rights cited in the complaint. Rather, Plaintiff simply makes conclusory legal assertions that Defendants violated his Fourth, Fifth, Sixth, and Fourteenth Amendment rights without providing further factual support concerning each of those claims.

At best, Plaintiff's threadbare allegations merely suggest that Defendants Pack and Brown transported him from South Carolina to West Virginia without "jurisdiction" because such transfer was allegedly done without the proper paperwork being provided and without a hearing or counsel being appointed to represent him. (ECF No. 1 at 4). Plaintiff further summarily alleges that Defendant Sample violated these same federal constitutional rights by charging him with violations of his South Carolina youthful probation and then "allowing" him to be extradited to West Virginia without a hearing, counsel, proper paperwork, or Plaintiff's agreement to be expedited, and while he was still

6

serving his term of probation in South Carolina. Plaintiff's complaint asserts that he had to finish his South Carolina probation term or be discharged therefrom before he could be transferred to the custody of another state.

In accordance with the dictates of *Iqbal* and *Twombly*, *supra*, the factual allegations in Plaintiff's complaint, even taken as true, are too threadbare to give rise to a plausible claim for relief. Nonetheless, based upon what little factual support there is in Plaintiff's complaint, it appears that his claims are otherwise barred from review as addressed below.

    B.    *Plaintiff's claims are barred by the applicable statute of limitations.*

As asserted by Defendants, Plaintiff's federal constitutional claims are actionable in federal court under 42 U.S.C. § 1983, which provides:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). To state a § 1983 claim for illegal extradition, Plaintiff must show

7

that the alleged violation of the applicable state extradition laws "cause[d] the deprivation of rights protected by the Constitution and statutes of the United States." *Batten v. Gomez*, 324 F.3d 288, 294 (4th Cir. 2003) (quoting *Wirth v. Surles*, 562 F.2d 319, 322 (4th Cir. 1977) (arrest and transportation of alleged fugitive without extradition proceedings does not constitute defense to criminal prosecution but can create cause of action pursuant to § 1983). Defendants assert that South Carolina's extradition laws (S.C. Code §§ 17-9-10 *et seq*.) were applicable to Plaintiff's extradition. *See Batten*, 324 F.3d at 294 (applying law of the asylum state to claim concerning extradition from North Carolina to California). The undersigned agrees.

Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations.[4] Because § 1983 does not contain its own statute of limitations, a claim brought thereunder borrows the statute of limitations that the forum state uses for general personal injury cases. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In West Virginia, that statute of limitations is two years. *See* W. Va. Code § 55-2-12; *see also Courtney v. Courtney*, 437 S.E.2d 436, 440 (W. Va. 1993). In South Carolina, the applicable statute of limitations for personal injury actions is three years. *See* S.C Code § 15-3-530(5).[5]

However, federal law controls when a cause of action accrues. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The statute of limitations begins to run when the "plaintiff

---

[4] Although a motion to dismiss filed pursuant to Rule 12(b)(6) typically may not address the merits of any affirmative defenses, "where facts sufficient to rule on the affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Plumbers & Steamfitters Union Loc. No. 10 v. Waters*, 451 F. Supp. 3d 543, 548 (E.D. Va. 2020) (quoting *Goodman v. Praxair, Inc.* 494 F.3d 458, 464 (4th Cir. 2007) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). This principle applies only when "all facts necessary to the affirmative defense clearly appear[] on the face of the complaint." *Goodman*, 494 F.3d at 464 (internal quotation marks omitted).

[5] Although this case is filed in West Virginia, out of an abundance of caution, the court will alternatively apply the longer South Carolina statute of limitations to Plaintiff's § 1983 claims.

possesses sufficient facts about the harms done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 404-05 (4th Cir. 2014) ("Generally speaking, a federal claim 'accrues when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred,' and therefore [the court] 'typically determine[s] the accrual of a § 1983 action by looking to the event that should have alerted the typical lay person to protect his or her rights.'") (Citation omitted).

Plaintiff's claims are grounded in his alleged improper extradition from South Carolina to West Virginia, which occurred on or about March 1, 2015.[6] To the extent that Plaintiff is claiming that being held in custody in South Carolina for nearly two months and then extradited to West Virginia without a hearing and without appointment of counsel is the factual basis for his constitutional claims, he was clearly aware of those facts by the time he was taken to West Virginia on March 1, 2015. Thus, Plaintiff was aware, or should have been aware, of the facts giving rise to his claims at that time.

Plaintiff's response documents appear to summarily claim that the statute of limitations should be equitably tolled because of his learning disabilities and because his extradition paperwork was allegedly not produced to him during the discovery process of his West Virginia criminal proceedings or until his post-conviction omnibus habeas corpus proceedings in August of 2019. However, despite Plaintiff's assertions to the

---

[6] Defendants' motion documents repeatedly refer to "January 1, 2015" as the date of extradition. However, that date was before the alleged crimes in West Virginia even occurred and is simply incorrect. It is possible that this was a typographical error in Defendants' briefing. At any rate, the undersigned finds that it is not relevant to the court's analysis of the application of the statute of limitations herein. The undersigned takes judicial notice of the executed warrant indicating that Plaintiff was taken into West Virginia custody on March 1, 2015, which was produced by Plaintiff in support of his complaint. (ECF No. 5 at 5).

9

contrary, a violation of state extradition law does not constitute a defense in a criminal case and, therefore, the jurisdiction of the trial court in the demanding state is not vitiated by an erroneous extradition. *Lascelles v. Georgia*, 148 U.S. 537, 544 (1893) ("The jurisdiction of the court in which the indictment is found is not impaired by the manner in which the accused is brought before it."); *see also Hundley v. Thomas*, 719 F. App'x 250, 251-52 (4th Cir. 2018) (citing *Wirth*, 562 F.2d at 323 (holding that a person transported from an asylum state without a warrant does not have a claim for release in demanding state) and *Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003) (violations of extradition procedures in no way relate to underlying guilt or innocence); *Siegel v. Edwards*, 566 F.2d 958, 960 (5th Cir. 1978) (In the case of extradition, "[o]nce a fugitive has been brought within custody of the demanding state, legality of extradition is no longer proper subject of any legal attack by him."). Thus, even taking as true Plaintiff's allegations that the extradition paperwork and process was erroneous, and that he did not see the extradition paperwork until later in his habeas corpus proceedings, those facts are not determinative of the running of the statute of limitations for his claims herein. Plaintiff's causes of action clearly arose, and the statute of limitations began to run, by the time he was allegedly illegally transferred to West Virginia.

   The undersigned proposes that the presiding District Judge **FIND** that Plaintiff's complaint, filed on November 17, 2021, is untimely filed under either a two-year or three-year statute of limitations, because his causes of action against these Defendants arose by March 1, 2015, more than six years earlier, when he was allegedly improperly extradited to West Virginia. Moreover, Plaintiff has not sufficiently demonstrated a basis for equitable tolling of the limitations period.

B. *Application of preclusion doctrines.*

Defendants' motion also asserts that Plaintiff's claims are barred by the preclusion doctrines of res judicata and collateral estoppel. These doctrines, which are applicable in § 1983 cases, prevent repeated litigation of the same or similar claims to conserve judicial resources and minimize the possibility of judicial inconsistencies. *See Allen v. McCurry*, 449 U.S. 90, 94-96 (1980).

Res judicata (also known as "claim preclusion") applies when "1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and, 3) the claim[] in the second matter [is] based upon the same cause of action involved in the earlier proceeding." *Grausz v. Englander,* 321 F.3d 467, 472 (4th Cir. 2003) (quoting *In re Varat Enters., Inc.,* 81 F.3d 1310, 1315 (4th Cir. 1996)). On the other hand, collateral estoppel (also known as "issue preclusion") provides that "once a court of competent jurisdiction actually and necessarily determines an issue, that determination remains conclusive in subsequent suits, based on a different cause of action but involving the same parties, or privies, to the previous litigation." *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). Collateral estoppel, therefore, "precludes relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate." *Id*. (quoting *Va. Hosp. Ass'n v. Baliles*, 830 F.2d 1308, 1311 (4th Cir. 1987)).

As noted by Defendants, "[a] common requirement for application of res judicata and collateral estoppel is that there must be mutuality of parties between a first suit

resulting in judgment and a second suit where defense of res judicata or collateral estoppel is being asserted." (ECF No. 30 at 9).[7] This mutuality of parties extends not only to named parties, but to those with privity to named parties. (*Id.*) "Privity requires only an alignment of interests, not an exact identity of parties." *Shafer v. Hartman*, No. PJM-08-cv-577, 2008 WL 5500757, at *1 (D. Md. Mar. 31, 2008) (quoting *Weinberger*, 510 F.3d at 491-92)).

Defendants' motion documents illustrate that Plaintiff previously filed two civil actions arising out of the same issues. First, they assert that he filed a civil action in the United States District Court in South Carolina against a South Carolina judge, prosecutor, and law enforcement officers involved in his arrest and extradition proceedings, alleging, *inter alia*, that his due process rights were violated by his improper extradition to West Virginia without a hearing and appointment of counsel. (ECF No. 29, Ex. F). That claim was dismissed with prejudice as being untimely by the South Carolina federal court on October 16, 2020. (*Id.*, Ex. H). Second, Plaintiff filed a prior lawsuit in this federal court against the Honorable Paul M. Blake, the Circuit Court Judge who presided over his West Virginia criminal case, and the "Fayette County Courthouse," raising a variety of claims related to his extradition and criminal prosecution in Fayette County. That lawsuit was dismissed on July 22, 2020, based on judicial immunity, the fact that the courthouse is not a "person under 42 U.S.C. § 1983, and because Plaintiff's claims for damages were barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id.*, Ex. G). Defendants' motion asserts:

> Current Defendants and former law enforcement Defendants share the same legal interests, the same legal rights, and the same practical

---

[7] Defendants' briefs largely cite to West Virginia authority concerning these preclusion doctrines. However, because the decisions sought to be applied for preclusion purposes are decisions of federal courts, the undersigned has relied upon substantially similar federal authority.

>opportunity to control the course of the proceeding; since the legal issue in question involved the statute of limitations any defendant would likely share privity with prior defendants because it is a legal issue all would share. Thus, since the same claims have been previously litigated and dismissed, the Plaintiff's claim should be barred by the doctrine of res judicata. Further, even if the Court finds that the claims are not the exact same, the Plaintiff's claim should be barred by the doctrine of collateral estoppel because they involve the same legal issues.

(ECF No. 30 at 10).

The undersigned **FINDS** that Plaintiff's prior federal litigation arose out of the same acts or transactions that are at issue in the instant case - Plaintiff's arrest and extradition from South Carolina to West Virginia to face criminal charges in 2015. Plaintiff asserted the same or substantially similar federal constitutional violations arising out of this conduct against other law enforcement officials and judicial officers involved in Plaintiff's criminal proceedings, including his arrest and extradition. There is a mutuality of interests in those proceedings that places Defendants in privity with the prior defendants. Moreover, even if the claims in the present case are not wholly identical to those in the prior litigation, there is a common legal issue involved, in that Defendants herein have asserted a statute of limitations defense that was already decided on the merits against Plaintiff in the prior South Carolina federal case.[8] Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's claims against Defendants are also barred by the doctrine of collateral estoppel or issue preclusion with respect to the statute of limitations defense.[9]

---

[8] To the extent that Defendants may also be seeking preclusion of Plaintiff's claims based upon the finding that his prior claims in the South Carolina and West Virginia cases were found to be barred by the *Heck* doctrine, the Fourth Circuit has held that *Heck* does not bar a plaintiff from invoking § 1983 to assert a claim for damages for illegal extradition. *See Young v. Nickols*, 413 F.3d 416 (4th Cir. 2005). Thus, this Court should not extend the application of these preclusion doctrines to the prior findings concerning a *Heck* bar.

[9] Because, for purposes of a Rule 12(b)(6) or 12(c) motion, the Court must take the Plaintiff's allegations alleging errors in the extradition process as true, and because there are other meritorious grounds for

13

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendants' Motion to Dismiss (ECF No. 29) and dismiss this matter with prejudice from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the district court and a waiver of appellate review by the circuit court of appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

---

dismissal, the undersigned declines to address Defendants' additional argument in its motion that the extradition process was properly waived.

14

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff, and to transmit it to counsel of record.

<u>January 23, 2023</u>

Dwane L. Tinsley
United States Magistrate Judge