```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**ANTWYN GIBBS,**

       Plaintiff,

v.                                   Civil Action No. 2:21-cv-00606

**JAMES R. PACK,** Oak Hill Police Officer;
**J.L. BROWN,** Oak Hill Police Officer;
and **THOMAS SAMPLE,** South Carolina
Probation Officer, each in his
individual capacity,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the proposed findings and recommendations (PF&R) of Magistrate Judge Dwane L. Tinsley, (ECF 50), and plaintiff's objections to the PF&R. ECF 54, 55, and 57.

On November 17, 2021, plaintiff filed a pro se complaint seeking relief for various alleged constitutional violations arising from his extradition from the state of South Carolina to the state of West Virginia.[1] ECF 1. This action was referred to the magistrate judge, who submitted a PF&R pursuant

---

[1] Plaintiff's complaint is difficult to follow as it contains few facts, and his claims are phrased in the form of questions. See ECF 1 at 4-5. It appears plaintiff is attempting to bring a claim pursuant to 42 U.S.C. § 1983.

1

to 28 U.S.C. § 636(b)(1)(B) on January 23, 2023. The magistrate judge recommended granting defendants' motion to dismiss (ECF 29). ECF 50 at 14.

The Federal Magistrates Act authorizes magistrate judges "to submit to a judge of the court proposed findings of fact and recommendations for disposition," of motions to dismiss for failure to state a claim upon which relief can be granted and for summary judgment. 28 U.S.C. § 636(b)(1)(A)-(B).

Upon an objection to the PF&R, the court reviews de novo "those portions or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). General objections which fail to address portions or specified proposed findings or recommendations "do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review." Elswick v. Plumley, No. 2:14-CV-29300, 2022 WL 2919291, at *1 (S.D.W. Va. July 25, 2022) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient

specificity so as to reasonably alert the district court of the true ground for the objection."); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (noting de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not give any explanation for adopting the [PF&R]." United States v. Hernandez-Aguilar, 359 F.Supp.3d 331, 334 (E.D.N.C. 2019).

Here, the magistrate judge's PF&R recommends granting defendants' motion to dismiss for three justifiable reasons. First, the complaint fails to state a claim upon which relief can be granted. ECF 50 at 6-7. Next, plaintiff's claims are barred by the statute of limitations. Id. at 7-11. Finally, plaintiff's claims "are also barred by the doctrine of collateral estoppel or issue preclusion with respect to the statute of limitations" as a result of two prior unsuccessful actions by plaintiff seeking similar relief, one in federal court in South Carolina and one in West Virginia state court. Id. at 13.

On February 2, 2023, plaintiff filed numerous objections to the magistrate judge's PF&R in two separate docket

filings.[2]  See ECF 54,55.  Plaintiff also filed an additional objection on March 3, 2023.  See ECF 57.  The objections found in all three of plaintiff's filings (ECF 54, 55, and 57) fail to object to the specific findings and recommendations in the PF&R.

As for the objections in ECF 54, they are featured in ten individually numbered paragraphs which begin with questions and proport to address arguments concerning petitioner's extradition.  Some of the paragraphs also appear to challenge the evidence used at his underlying criminal trial.  Objections concerning evidence used at plaintiff's criminal trial are irrelevant, as they bear no relation to the claim brought by plaintiff in this civil action.  In paragraph three of ECF 54, plaintiff does use the phrase "equitable tolling of statute of limitations," but, fails to provide any analysis regarding its applicability.  ECF 54 ¶3.  Even if the use of the phrase "equitable tolling of statute of limitations" were a sufficient objection to the magistrate judge's finding, the objection would be overruled.[3]

---

[2] Plaintiff has a separate habeas corpus proceeding before this court in Case No. 2:21-cv-00577, in which he filed these same objections.

[3] The equitable tolling of the statute of limitations is appropriate when "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," or when "extraordinary circumstances beyond

4

Like ECF 54, plaintiff's objections in ECF 55 appear to concern his claim of improper extradition. However, the objections in ECF 55 are non-specific, difficult to interpret, and do not object to the specific findings and recommendations of the magistrate judge.

Finally, the court finds plaintiff's objection found in ECF 57, filed on March 3, 2023, to be untimely, and therefore need not be considered. In this instance, service of the PF&R and filing of the objections was done through the mail, thereby providing, plaintiff seventeen days from the entry of the PF&R to file his objections. Inasmuch as the PF&R was entered on January 23, 2023, plaintiff had until February 9, 2023, to file his objections. See ECF 50. The plaintiff's objection filed on March 3, 2023, was untimely, and the court need not consider it. Even if it had been timely filed, the court finds plaintiff's objection filed on March 3, 2023, to be non-specific, irrelevant, and non-responsive to the PF&R.[4]

---

plaintiffs' control made it impossible to file the claims on time." Cruz v. Maypa, 773 F.3d 138, 145 (4th Cir. 2014). Plaintiff provides no evidence nor makes any argument to show the existence of such wrongful conduct on the part of defendants or extraordinary circumstances.

[4] Plaintiff's convoluted objection appears to discuss the doctrine of qualified immunity, a legal doctrine not discussed in the PF&R and not argued by defendants in their motion to dismiss. See ECF 29, 30.

Due to plaintiff's objections being non-specific, the court need not conduct a de novo review of the PF&R. Finding no clear error, the court adopts the findings and recommendations of the magistrate judge.

Lastly, the court will address plaintiff's "Motion for injunction relief of Injuntive [sic][and] preliminary injunction" filed on January 24, 2023.[5] See ECF 51. In order to obtain a preliminary injunction, a party must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). To receive a permanent injunction, plaintiff must show the following: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." Monsanto Co. v. Geerston Seed Farms, 561 U.S. 139, 156-57 (2010). Plaintiff has failed

---

[5] Plaintiff's complaint also seeks injunctive relief concerning his claim of illegal extradition. See ECF 1 at 5.

to show any of the elements needed to obtain either a temporary or permanent injunction.[6] The court therefore denies plaintiff's request for temporary and permanent injunctive relief.

Accordingly, the court orders as follows:

1. That the magistrate judge's PF&R be, and it hereby is adopted in its entirety.

2. Defendants' motion to dismiss is GRANTED. ECF 29.

3. Plaintiff's "Motion for injunction relief of Injutive [sic] [and] preliminary injunction" (ECF 51) is DENIED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: March 24, 2023

John T. Copenhaver, Jr.
Senior United States District Judge

---

[6] The court notes on March 22, 2023, plaintiff filed additional documentation in support of his request for injunctive relief. See ECF 59. The document filed by plaintiff is difficult to interpret and does not support his request for injunctive relief.

7