```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**ANTWYN GIBBS,**

      Plaintiff,

v.                                Civil Action No. 2:21-cv-00606

**JAMES R. PACK, J.L. BROWN,**
Oak Hill Police Officer, and
**THOMAS SAMPLE,** South Carolina Probation
Officer, each in his individual capacity.

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is plaintiff's motion titled "Objection to Finding or Remmendations [sic] in Memorandum Opinion and Order in Motion to dismiss on 08/03/2022."  ECF 63.

On November 17, 2021, plaintiff filed a <u>pro</u> <u>se</u> complaint seeking relief for various alleged constitutional violations arising from his extradition from the state of South Carolina to the state of West Virginia.  This action was referred to the magistrate judge, who submitted proposed findings and recommendations ("PF&R") on January 23, 2023, which recommended granting defendant's motion to dismiss (ECF 29).  ECF 50 at 14.  On March 24, 2023, this court adopted the magistrate judge's PF&R, and granted defendants' motion to

dismiss, and denied plaintiff's request for injunctive relief and a preliminary injunction.  ECF 60.

The motion currently before the court is difficult to discern and appears to seek relief which has already been denied by the court.  See ECF 63 at 2-5.  Inasmuch as plaintiff seeks relief from the court's final judgment, such relief may be sought under Fed. R. Civ. P. 59(e) or Fed. R Civ. P. 60(b).  Under Rule 59(e) motions "to alter or amend judgment must be filed no later than 28 days after the entry of the judgment," while motions seeking relief from judgment pursuant to Rule 60(b) must be made "within a reasonable time" and in certain circumstances must be made "no more than one year after entry of judgment."

In instances where the parties' motion does not indicate under which rule the motion is brought, the motion is often treated as a Rule 59(e) motion if filed within 28 days of entry of judgment.  See Dove v. CODESCO, 569 F.2d 807 (4th Cir. 1978) (noting when a post-judgment motion is timely filed pursuant to Rule 59(e), and calls into question the correctness of the judgment, such motion should be construed as being brought under Rule 59(e)); American Ironworks & Erectors, Inc. v. North American Const. Corp., 248 F.3d 892 (9th Cir. 2001); see also Fabian v. Reed, 707 F.2d 147 (5th Cir. 1983).

In this instance, plaintiff's motion was filed within 28 days of entry of final judgment, as it was filed on April 5, 2023. Accordingly, the court construes plaintiff's motion as being brought under Rule 59(e). Relief under Rule 59(e) is warranted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Here, the court correctly found plaintiff's extradition claims had no merit and granted defendants' motion to dismiss. Plaintiff's motion adds nothing of substance to these same claims and is meritless. The court denies plaintiff's motion (ECF 63).

It is so ORDERED.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 6, 2023

John T. Copenhaver, Jr.
Senior United States District Judge